IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-622-BR

| | |
|---|---|
| EARNEST PARISH, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| SIEMENS MEDICAL SOLUTIONS USA, ) | |
| INC., ) | |
| Defendant. ) | |

On June 18, 2010, the court allowed defendant's motion for summary judgment [D.E. 34], and the clerk entered judgment [D.E. 35]. On July 2, 2010, defendant timely filed a bill of costs requesting a total of $2,072.00 to recover its costs incurred in defending this action [D.E. 36]. On July 15, 2010, plaintiff responded in opposition by filing a motion for disallowance of defendant's application for costs [D.E. 37] and supporting memorandum [D.E. 38]. On July 21, 2010, defendant filed its reply to plaintiff's objections [D.E. 42]. The matter is ripe for consideration. For the reasons stated, plaintiff's request to stay the bill of costs is denied and defendant's bill of costs is allowed in part and denied in part without prejudice for refiling.

I.

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorneys' fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Fourth Circuit has repeatedly recognized a "presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999); see, e.g., Rinaldi v. CCX, Inc., 388 Fed. Appx. 290, 298 (4th Cir.

2010) (per curiam) (unpublished); U.S. Bank Trust Nat. Ass'n v. Venice MD LLC, 92 Fed Appx. 948, 956 (4th Cir. 2004) (per curiam) (unpublished). Plaintiff concedes that defendant is the prevailing party in the district court, but asks the clerk to stay defendant's bill of costs until the matter is resolved on appeal. Local Civil Rule 54.1 does not address whether a bill of costs should be stayed pending mandate from the Fourth Circuit Court of Appeals. See Local Civil Rule 54.1. Therefore, plaintiff's request is denied. See, e.g., PCS Phosphate Company, Inc. v. Norfolk Southern Corporation, No. 4:05-CV-55-D, 2008 WL 190194 (E.D.N.C. Apr. 29, 2008) (unpublished) (allowing bill of costs during pendency of appeal).

Defendant seeks $1958.20 for costs associated with the depositions of Earnest Parish, III ("Parish" or "plaintiff"), Dione Washington ("Washington"), and Chloe Johanne Mazuroski ("Mazuroski"). A district court may award costs for depositions not used at trial "when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Parish does not dispute that these depositions were necessarily obtained for use in the case. Rather, plaintiff objects that defendant failed to produce an itemized court reporter's invoice for the depositions of Parish and Washington. Defendant filed itemized invoices for Parish's and Mazuroski's depositions with the bill of costs, and in its reply, provided an itemized invoice for Washington's deposition and a duplicate invoice for Parish's deposition [D.E. 42, Exs. A & B].

Section 28 U.S.C. §1920(2) allows for the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. The depositions of plaintiff, Washington, and Mazuroski were reasonably necessary at the time of their taking. However, defendant requests costs associated with these depositions which are not enumerated within the

statute. Those costs, as set forth below, are disallowed.

First, defendant seeks costs in the amount of $55.04 for postage, shipping, or handling fees of the court reporter. Postage and handling fees are not taxable costs under 28 U.S.C. § 1920 or Local Civil Rule 54.1(c). Thus, defendant's request for postage and handling fees in the amount of $55.04 are disallowed.

Defendant also requests costs for condensed transcripts, a word index, and a litigation-support disk. In general, fees associated with condensed versions of the transcripts, indices, ASCII discs, and e-transcripts are not taxable. See, e.g., Centennial Broadcasing, LLC v. AAF-McQuay, Inc., No. 5:06-CV-82, 2008 WL 495656, at *1, n.3 (W.D. Va. Feb. 21, 2008) (unpublished); (citing Centennial Broadcasting, LLC v. Burns, No. 6:06-CV-6, 2007 WL 1839736, at *2 (W.D. Va. June 22, 2007) (unpublished); Southprint, Inc. v. H3, Inc., No. 4:02-CV-38, 2005 WL 3177627, at *3 (W.D. Va. Nov. 23, 2005) (unpublished). Moreover, the Local Civil Rules do not list condensed transcripts, indices, and litigation-support disks as allowable costs. See Local Civil Rule 54.1(c). Therefore, defendant's request for costs for condensed transcripts and a litigation-support disk in the amount of $60.00 for the depositions of Mazuroski and Washington is disallowed.

As to Parish's deposition, defendant requests costs in the amount of $900.00 for the original and one copy of the transcript. However, multiple copies of depositions are normally not taxed as costs. See Local Civil Rule 54.1(c)(2). Defendant's request for costs for a copy of the plaintiff's deposition transcript is disallowed. The court-reporter invoice does not reflect the cost of the original transcript or the number of pages in the document. Defendant also requests $27.60 for "Exhibits, 1 cc" in connection with the deposition of plaintiff. To the extent that these costs apply to an additional copy of the exhibits, the request is disallowed. The undersigned is unable to

3

determine from the invoice the allowable costs for the original transcription of and exhibits to Parish's deposition.

Based on the foregoing, the undersigned disallows $115.04 for postage and handling fees, condensed transcripts, and a litigation-support disk for the depositions. The court reporters' appearance fees in the amount of $275.00 are allowed. In addition, defendant is allowed $414.00 for the copy of the deposition of Mazuroski. Defendant's request for costs for a copy of Parish's deposition and exhibits and the word index for Washington's deposition is disallowed. Defendant's request for the original transcripts of Parish's and Washington's depositions and the original copy of Parish's exhibits is denied without prejudice. Defendant is allowed fourteen days to apply for the costs of the original transcript of Parish's and Washington's depositions and exhibits, excluding any extra copies and word indices.

Next, defendant seeks costs in the amount of $110.40 for the copying fee incurred as a result of its Freedom of Information Act ("FOIA") request for plaintiff's Equal Employment Opportunity Commission ("EEOC") file. Plaintiff asserts that the fees should be denied because fees for general copy expenses were not recorded on the bill of costs application form. Defendant responds that the documents obtained through its FOIA request were necessarily obtained for use in the case and are recoverable. Although defendant left blank the section of the bill of costs form pertaining to necessary copying costs, defendant's request, reviewed in its entirety, clearly includes such a claim. Title 28 U.S.C. § 1920(4) permits recovery for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." The copying costs for which defendant seeks reimbursement in the amount of $110.40 were reasonable and necessary for use in the case and are, therefore, allowed.

In sum, the undersigned finds that pursuant to 28 U.S.C. §1924, defendant is awarded court-reporter appearance fees and the copy costs for the deposition of Mazuroski in the amount of $689.00 and for copy fees in the amount of $110.40, for an award of $799.40. Defendant's request for costs for the original transcripts and exhibits for the depositions of Parish and Washington is denied without prejudice. Defendant may seek these costs by filing a request with supporting documentation within fourteen days of this order. All other requests for costs not referenced in this summary are disallowed, including those for postage and handling fees, condensed transcripts, a word index, a litigation-support disk, and copies of Parish's and Washington's depositions

SO ORDERED. This 15th day of March 2011.

Dennis P. Iavarone
Clerk of Court

5